# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MOSES WATTS JR.                                                                                           PETITIONER

VS.                                    5:14CV00208 DPM/JTR

HON. JODI RAINES DENNIS,
Circuit Court of Jefferson County,
Fifth Division;
HON. GERALD ROBINSON,
Jefferson County Sheriff                                                                              RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Room A149
    Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Moses Watts Jr., has filed a *pro se* Petition for a Writ of Habeas

Corpus attacking his pretrial detention in the Jefferson County Jail.[1] *Doc. 2*.

Petitioner states that he is detained in the Jefferson County Jail on charges of residential burglary and theft of property. *Doc. 2 at* 1. According to Petitioner, the police "illegally put a false charge on him," and the prosecutor is unlawfully prosecuting the charge. He further contends that he and his wife own the property that is the subject of the charges, and therefore they are "not supported by probable cause." He requests dismissal of the pending charges.

For the reasons discussed below, the Court recommends that the Petition be dismissed, without prejudice. *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal of a habeas petition on preliminary review if "it plainly appears from the petition. . . that the petitioner is not entitled to relief[.]").

## II. Discussion

Petitioner concedes that he "has not exhausted all state remedies that are available to [him]." *Doc. 2 at 3*. Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28

---

[1] In his papers, Petitioner invokes both 28 U.S.C. § 2254 and § 2241. Because Petitioner challenges his pretrial detention on pending charges, his Petition is properly construed as requesting relief pursuant to 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (" Pretrial [habeas] petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (internal quotations and citation omitted).
    The Court also notes that the Petition appears to have been signed by Ruby J. Watts, who suggests that Moses Watts Jr. is somehow incompetent or disabled due to PTSD, and that she has a "power of attorney over Moses Watts Jr." *Doc. 2 at 1, 5*. For purposes of this Recommended Disposition, the Court assumes that Ruby Watts has standing to assert a purported habeas claim on behalf of Moses Watts Jr.

U.S.C. § 2254(b)(1)(A), "thereby affording those courts the first opportunity to address and correct" alleged violations of a prisoner's federal constitutional rights. *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement applies to § 2241 habeas petitions challenging a pending state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution). Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution").

Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial proceedings. Thus, this habeas

action should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus (*doc. 2*) be DENIED, and that the case be DISMISSED, WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.

Dated this 11th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE